UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BERNARD M. ALBURY,
and other similarly-situated individuals,

    Plaintiff,

v.

TSI LOGISTICS, LLC
and THOMAS SWIDORSKI
individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BERNARD M. ALBURY and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants TSI LOGISTICS, LLC and THOMAS SWIDORSKI, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff BERNARD M. ALBURY is a resident of Broward County, Florida. Plaintiff was a covered employee for purposes of the Act.

3. Defendant TSI LOGISTICS, LLC is a Michigan corporation which doing business in Miami-Dade County within the jurisdiction of this Court. At all times material, hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant THOMAS SWIDORSKI was and is now, owner/general manager of TSI LOGISTICS, LLC. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants retaliatory damages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2013, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

7. Corporate Defendant TSI LOGISTICS LLC is a company providing services to the hospitality construction industry. Defendant provides, furniture, fixture and equipment(FF&E) installation services to hotels and restaurants. Defendant also offers related services such as removal, storage, and selling of used FF&E.

8. Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI employed Plaintiff BERNARD M. ALBURY as FF&E technician from approximately November 2, 2016, through December 23, 2016, or 7 weeks.

9. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $18.00 an hour.

10. Individual Defendant Thomas Swidorski hired Plaintiff in Miami, Florida to work in a project in the area of Biscayne Blvd, in Miami, Florida. Plaintiff received his work orders and was supervised by Defendant THOMAS SWIDORSKI.

11. While employed Plaintiff worked 5 days per week from Monday to Friday, and from 7:00 AM to 5:00 PM, which represents 10 hours daily or 50 hours weekly. Plaintiff did not take any lunch break.

12. In addition, Plaintiff worked 3 Sundays, a total of 12 hours without being properly compensated at any rate.

13. During his time of employment with Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

14. Therefore, Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI failed to pay Plaintiff BERNARD M. ALBURY minimum wages and overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

15. Plaintiff complained many times about being paid his regular wages untimely, and about not being paid for overtime hours, and Defendant THOMAS SWIDORSKI threatened Plaintiff with termination if he continued his complaints.

16. On or about December 23, 2016 Plaintiff complained to Defendant THOMAS SWIDORSKI about his unpaid regular wages and overtime hours. In retaliation, Defendant THOMAS SWIDORSKI fired Plaintiff without paying him his hard-earned wages.

17. Plaintiff was paid his regular wages sometime after the end of the year.

18. Plaintiff BERNARD M. ALBURY seeks to recover overtime wages hours that never were paid to him at the mandatory rate of time and a half his regular rate, retaliatory, liquidated damages and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

20. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation

for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant TSI LOGISTICS LLC was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides construction services to hotels engaged in interstate commerce. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times, pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff worked as a technician/installer of furniture, fixture and equipment for hotels and restaurants, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce. Plaintiff's activities were directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

24. Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI employed Plaintiff BERNARD M. ALBURY as FF&E technician from approximately November 2, 2016, through December 23, 2016, or 7 weeks.

25. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $18.00 an hour.

26. While employed Plaintiff worked 5 days per week from Monday to Friday, and from 7:00 AM to 5:00 PM, which represents 10 hours daily or 50 hours weekly. Plaintiff did not take any lunch break.

27. In addition, Plaintiff worked 3 Sundays, a total of 12 hours without being properly compensated at any rate.

28. Therefore, during his time of employment with Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, according to the provisions of the Fair Labor Standards Act. (FLSA).

29. Plaintiff was paid bi-weekly with checks accompanied by paystubs without any information regarding the number of hours worked.

30. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Two Hundred Fourteen Dollars and 00/100 ($2,214.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  7 weeks
   Total relevant weeks of employment: 7
   Total number of hours worked:  50 hours average weekly
   Total number of overtime hours: 10 hours
   Wage rate: $18.00 an hour x 1.5= $27.00 O/T rate

   $27.00 O/T rate  x 10 O/T hours=$270.00 weekly x 7 weeks=$1,890.00

   - Overtime for 3 Sundays, 4 O/T hours each= 12 O/T hours
     $27.00 O/T rate x 12 O/T hours= $324.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid overtime.

33. At all times material, hereto, the Employer/Defendant TSI LOGISTICS LLC failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant TSI LOGISTICS LLC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Two Hundred Fourteen Dollars and 00/100 ($2,214.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  7 weeks
   Total relevant weeks of employment: 7
   Total number of hours worked:  50 hours average weekly
   Total number of overtime hours: 10 hours
   Wage rate: $18.00 an hour x 1.5= $27.00 O/T rate

   $27.00 O/T rate  x 10 O/T hours=$270.00 weekly x 7 weeks=$1,890.00

   - Overtime for 3 Sundays, 4 O/T hours each= 12 O/T hours
     $27.00 O/T rate x 12 O/T hours= $324.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid overtime.

33. At all times material, hereto, the Employer/Defendant TSI LOGISTICS LLC failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant TSI LOGISTICS LLC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the

Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant THOMAS SWIDORSKI was and is now, the owner and general manager of TSI LOGISTICS LLC. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of TSI LOGISTICS LLC in relation to the employees of TSI LOGISTICS LLC, including Plaintiff and others similarly situated. Defendant THOMAS SWIDORSKI had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

36. Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and remain owing Plaintiff these overtime wages, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BERNARD M. ALBURY and those similarly-situated respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and other similarly-situated and against the

Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff BERNARD M. ALBURY actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BERNARD M. ALBURY and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

38. Plaintiff BERNARD M. ALBURY re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

39. Defendant TSI LOGISTICS LLC was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides installation of furniture, fixture and equipment to hotels. Defendant employed more than two employees engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at

all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiff worked in a company engaged in interstate commerce. Additionally, Plaintiff worked as a technician/installer of furniture, fixture and equipment for hotels and restaurants, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce and directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

41. Defendant TSI LOGISTICS LLC was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

42. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

43. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

44. Defendants TSI LOGISTICS LLC and THOMAS SWIDORSKI employed Plaintiff BERNARD M. ALBURY as FF&E technician from approximately November 2, 2016, through December 23, 2016, or 7 weeks.

45. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $18.00 an hour.

46. While employed Plaintiff worked 5 days per week from Monday to Friday, and from 7:00 AM to 5:00 PM, which represents 10 hours daily or 50 hours weekly. Plaintiff did not take any lunch break.

47. In addition, Plaintiff worked 3 Sundays, a total of 12 hours without being properly compensated at any rate.

48. Therefore, during his time of employment with Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, according to the provisions of the Fair Labor Standards Act. (FLSA).

49. Plaintiff was paid his regular wages irregularly. Plaintiff complained multiple times about the untimely payday and about the missing payment for overtime hours. Every time Plaintiff complained to the owner of the business THOMAS SWIDORSKI. This individual Defendant threatened Plaintiff with termination if he continued his complaints.

50. On or about December 23, 2016, Plaintiff complained with THOMAS SWIDORSKI about not being paid his regular wages and overtime hours, for the last time.

51. These complaints constituted protected activity under the Fair Labor Standards Act.

52. In retaliation for Plaintiff's complaints, Defendant THOMAS SWIDORSKI, fired Plaintiff the same day, December 23, 2016. Plaintiff was sent home without his payment check.

53. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

54. There is closed proximity between Plaintiff's last protected activity and the date of his termination.

55. At the times mentioned, individual Defendant THOMAS SWIDORSKI was and is now, the owner and general manager of TSI LOGISTICS LLC. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of TSI LOGISTICS LLC in relation to the employees of TSI LOGISTICS LLC, including Plaintiff and others similarly situated. Defendant THOMAS SWIDORSKI had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

56. Defendants TSI LOGISTICS LLC, and THOMAS SWIDORSKI willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

57. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

58. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BERNARD M. ALBURY respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TSI LOGISTICS LLC, and THOMAS SWIDORSKI that Plaintiff BERNARD M. ALBURY recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff BERNARD M. ALBURY further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff BERNARD M. ALBURY demands trial by jury of all issues triable as of right by jury.

Dated: January 27, 2017

>Respectfully submitted,
>
>By: **/s/ Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile: (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*